**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06 CR 28**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TIMOTHY RAY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** came before the undersigned pursuant to motions filed by counsel for Defendant each entitled Motion for Release to an Inpatient Treatment Facility (#41) & (#42). In the motions, Defendant requests that he be released on terms and conditions of pretrial release so that he can attend inpatient drug treatment. At the call of this matter on for hearing, Defendant was present with his attorney, Nathan J. Stallings and the Government was present through Assistant United States Attorney Tom Kent. From the records in this cause and the arguments of counsel for Defendant and the Assistant United States Attorney, the undersigned makes the following findings.

**Findings.** On June 21, 2007 a Judgment was entered by United States District Judge Lacy Thornburg ordering that Defendant be imprisoned for a term of 78 months and at the expiration of his sentence, serve a term of supervised release of three years. This Judgment was entered as a result of Defendant's conviction for the crime of possession of a firearm by a convicted felon in violation of 18

1

U.S.C. § 922(g)(1).  Defendant was released from custody and began serving his term of supervised release on March 24, 2014.  On June 5, 2014, a Petition (#30) was filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his supervised release.  The undersigned conducted an initial appearance hearing for Defendant on October 24, 2014 and thereafter a detention hearing on October 28, 2014.  At that time, an Order was issued detaining Defendant.  On January 23, 2015, Defendant filed his motions requesting that he be released to participate in an inpatient drug treatment program.  Shortly thereafter, a notice of hearing was filed setting a final hearing concerning the allegations contained in the Petition for February 13, 2015 before United States District Judge Martin Reidinger.

**Discussion.**  The undersigned has considered the release of Defendant and has applied the factors as set forth under 18 U.S.C. § 3142.

> **18 U.S.C. § 3142:**
> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The undersigned will now set forth this Court's findings as to the factors set forth under 18 U.S.C. § 3142(g):

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance. It is alleged defendant violated terms and conditions of his supervised release by testing positive for use of marijuana and defendant was directed to attend substance abuse treatment and he failed and refused to do so. The crime for which defendant is serving a term of supervised release was being in possession of a firearm while being a convicted felon. This offense is considered to be a crime of violence.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearances at court appearances indicate that defendant has family ties; he has had employment in the past but is not presently employed; he has a long length of residence in the Cherokee Indian Reservation community. Defendant has a history relating to drug or alcohol abuse. Defendant's criminal record shows the following convictions:

3

| Date | County | Offense | Date Conviction |
|---|---|---|---|
| 7/11/87 | Jackson | No operators license | 8/24/87 |
| 1988 | Swain | No operators license | 5/19/88 |
| 5/28/88 | Tribal Ct. | Driving while impaired | 10/26/88 |
| 9/16/88 | Tribal Ct. | Driving while impaired | 10/26/88 |
| 10/5/88 | Tribal Ct. | Driving while license revoked | 12/14/88 |
| 12/16/88 | Tribal Ct. | Driving while license revoked | 3/8/89 |
| 4/27/90 | Tribal Ct. | Assault & battery, malicious mischief, disorderly conduct | 7/11/90 |
| 7/30/91 | Jackson | Felony sale of marijuana | 10/23/91 |
| 1/17/92 | SC | Public disorderly conduct | 2/19/92 |
| 6/13/92 | SC | Public disorderly conduct | 7/3/92 |
| 922/92 | Tribal Ct. | Driving while impaired, reckless driving, speeding to elude arrest, driving while license revoked, failure to stop for blue light | 11/11/92 |
| 12/29/93 | U.S. District Court | Taking property from another by force and violence | 10/6/93 |
| 5/22/93 | U.S. District Court | Being under the influence of alcohol | 8/20/93 |
| 1993 | Tribal Ct. | Disorderly conduct | 9/15/93 |
| 8/24/00 | Tribal Ct. | Reckless driving | 12/6/00 |
| 6/23/02 | Tribal Ct. | Reckless driving | 2/20/04 |
| 6/22/03 | Swain | Misdemeanor assault on female, misdemeanor assault inflicting serious injury | 4/19/04 |
| 7/17/03 | Tribal Ct. | Driving while impaired | 12/8/03 |
| 7/23/05 | Tribal Ct. | Driving while impaired | 7/14/06 |
| 10/13/05 | Jackson | Misdemeanor assault on female | 1/31/06 |
| 2/14/06 | Tribal Ct. | Simple possession of marijuana, driving while impaired | 7/14/06 |
| | U.S. District Ct. | Possession of firearm by a convicted felon | 6/7/07 |

(B) At the time of the offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears this factor does exist. Defendant is serving a term of supervised release and it is alleged he has violated those terms.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Defendant has 27 misdemeanor convictions which include numerous acts of violence and assault. Of those 27 misdemeanor convictions, the records show defendant has been convicted of driving while impaired on six occasions. Defendant has three felony convictions. These factor show by clear and convincing

4

evidence that the release of defendant would create a risk of harm or danger to any other person or the community.

The undersigned further finds by a preponderance of the evidence that the release of defendant would create a risk of flight on his part. Defendant has failed to appear in regard to other criminal charges. It is alleged that defendant absconded from supervision and failed to report to the United States Probation Office.

These factors alone could merit the denial of the Defendant's motions. Of further importance is the fact that as of the date of the hearing of Defendant's motions on January 30, 2015 there is only a period of two weeks until Defendant will be appearing before United States District Judge Martin Reidinger for his supervised release hearing. If the Court allowed Defendant's motions he could only be in his treatment program for a period of two weeks. As a result, releasing Defendant into a treatment program would probably provide little benefit to Defendant.

For the foregoing reasons, the motions will be denied without prejudice.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion for Release to an Inpatient Treatment Facility (#40) and the Motion for Release to an Inpatient Treatment Facility (#41) are **DENIED** without prejudice. Should United States District Judge Martin Reidinger continue the supervised release hearing scheduled for Defendant for February 13, 2015, then Defendant may file an additional motion

requesting a rehearing regarding this issue.

Signed: February 3, 2015

Dennis L. Howell
United States Magistrate Judge