IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06 CR 28-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TIMOTHY RAY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on before the undersigned pursuant to a Violation Report (#53) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Nathan J. Stallings, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report. Testimony was then presented by the Government through Benjamin Racoff, United States Probation Officer.

1

On June 21, 2007, Defendant was sentenced by United States District Judge Lacey Thornburg to a term of imprisonment of 78 months as a result of his conviction for the offense of possession of a firearm by a convicted felon (#15). On June 5, 2014, a Petition was filed alleging that Defendant had violated terms and conditions of his supervised release by: (1) testing positive for use of marijuana; (2) failure to obtain a substance abuse assessment; (3) changing his address without notification to the Probation Office; (4) failure to report to the Probation Office; and (5) committed the offenses of driving while license revoked, operating a vehicle with no insurance, and other traffic violations. The undersigned conducted an initial appearance hearing for Defendant on October 24, 2014 and detained Defendant. Thereafter, on March 18, 2015 Defendant was released on terms and conditions of release which provided as follows:

8(r) Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable. (#49)

The undersigned further directed that Defendant was to attend and complete a residential inpatient treatment program at the Swain Recovery Center.

On February 25, 2015, Defendant was alone in a room with a female staff member of Swain Recovery Center who was attempting to administer Defendant's

medication. At that time, Defendant stated to the female staff member, "It's just you and me in here" and "you're beautiful." Defendant was then expelled from the program "provisionally" on April 27, 2015.

The provisional discharge provided that Defendant could obtain a certification showing he had completed treatment if he completed certain requirements as set forth by the Swain Recovery Center. All of these treatments would have to be completed outside of the Swain Recovery Center.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)   finds that there is----
>          (A) probable cause to believe that the person has committed a
>    Federal, State, or local crime while on release; or
>          (B) clear and convincing evidence that the person has violated any
>     other condition of release; and
>    (2)   finds that ---
>          (A) based on the factors set forth in section 3142(g) of this title, there
>    is no condition or combination of conditions of release that will assure that
>    the person will not flee or pose a danger to the safety of any other person or
>    the community; or
>          (B) the person is unlikely to abide by any condition or combination
>    of conditions of release.

>    If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned does not find there is probable cause to believe that Defendant has committed a Federal, state or local crime while on release.

There has been shown by clear and convincing evidence that Defendant violated the condition of release in that it has been shown he failed to comply with the terms and conditions of treatment at the Swain Recovery Center and he has been expelled from treatment at that facility.

Considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there are no conditions or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. The undersigned has considered Defendant's extensive criminal record which is as follows:

| Date | County | Offense | Conviction |
| --- | --- | --- | --- |
| 7/11/87 | Jackson | No operators license | 8/24/87 |
| 1998 | Swain | Illegal passing, no operators license | 5/19/98 |
| 5/28/88 | Tribal Ct. | Driving while impaired | 10/26/88 |
| 9/16/88 | Tribal Ct. | Driving while impaired | 10/26/88 |
| 12/5/88 | Tribal Ct. | Driving while license revoked | 12/14/88 |
| 12/16/88 | Tribal Ct. | Driving while license revoked | 3/8/89 |
| 4/27/90 | Tribal Ct. | Assault & battery, malicious mischief, disorderly conduct | 7/11/90 |
| 7/30/91 | Jackson | Felony sale of marijuana | 10/23/91 |
| 1/17/92 | SC | Public disorderly conduct | 2/19/92 |
| 6/13/92 | SC | Public disorderly conduct | 7/3/92 |

| Date | Court | Offense | Disposition |
|---|---|---|---|
| 9/22/92 | Tribal Ct. | Driving while impaired, reckless driving, speeding to elude arrest, driving while license revoked, failure to stop for blue light and siren | 11/11/92 |
| 1/19/92 | U.S. District Ct. | Taking vehicle by force and violence | 10/6/93 |
| 5/22/93 | U.S. District Ct. | Being under the influence of alcohol | 8/20/93 |
| 1993 | Tribal Ct. | Disorderly conduct | 9/15/93 |
| 8/24/00 | Tribal Ct. | Reckless driving | 12/6/00 |
| 6/23/02 | Tribal Ct. | Reckless driving | 2/20/04 |
| 6/22/03 | Swain | Misdemeanor assault on female, misdemeanor assault inflicting serious injury | 4/19/04 |
| 7/17/03 | Tribal Ct. | Driving while impaired | 12/8/03 |
| 7/23/05 | Tribal Ct. | Driving while impaired | 7/14/06 |
| 10/13/05 | Jackson | Misdemeanor assault on female | 1/31/06 |
| 2/14/06 | Tribal Ct. | Simple possession of marijuana, driving while impaired | 7/14/06 |
| 6/707 | U.S. District Ct. | Possession of firearm by convicted felon | |

The criminal record of Defendant further shows that he has been placed on probation on several occasions for various offenses and he has repeatedly violated the terms and conditions of probation, several of which required him to obtain alcohol or drug assessments or obtain treatment.

As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

### ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 5, 2015

Dennis L. Howell
United States Magistrate Judge